THOMPSON, J.
 

 The plaintiff owned some 680 acres of land in the parish of Union.
 

 On November 2, 1919, he executed an oil
 
 *629
 
 and gas lease to defendant on said land in the usual and customary form and containing the usual and customary stipulations and covenants.
 

 The consideration recited in the lease was $3,400 cash in hand paid.
 

 On April 3, 1920, Harris assigned the lease to one J. L. Pratt for a stated consideration of $6,800 cash in hand paid.
 

 In this assignment Pratt assumed and agreed to execute and carry out all of the covenants and obligations imposed on Harris in the lease granted him by Pickens.
 

 This suit is to recover of Harris the sum of $3,218 on the theory that Harris, in accepting the' lease from plaintiff and assigning the same to Pratt, was acting as the agent for plaintiff, and that he owes the plaintiff the full price received from Pratt, less certain commissions and expenses.
 

 The suit was dismissed on an exception of no cause of action, and this appeal is by the plaintiff.
 

 The petition alleges that it was agreed orally between plaintiff and Harris that the latter should have the right to negotiate a lease on plaintiff’s land for the best price that he could get, and that the plaintiff was to pay said Harris a commission or fee for his services in accordance with the regular commissions being paid real estate agents and lease brokers and all expenses incurred in making the lease.
 

 That later it was mutually agreed that the best way to handle the proposition was that plaintiff, for some stipulated amount, would execute a lease directly to Harris. That in November, 1919, Harris represented to the plaintiff that he .was about to close a sale of said lease and secure a purchaser, and had plaintiff to execute said lease in his favor, at the same time representing to plaintiff that he (Harris) could make the sale for $3,-400. The parties then executed the lease as already stated.
 

 That thereafter, some time in 1920 and after Harris had represented that he had been paid only the said $3,400, he settled with plaintiff for said amount, after deducting an expense bill of $118 and of $182 as commission for making the lease.
 

 It is alleged that prior to said settlement the said Harris received from Pratt, for the lease assigned to him by Harris, the sum of $6,800, and that plaintiff had no knowledge of the said assignment until within the last 12 months.
 

 It is further alleged that the said Harris deceived plaintiff as to the real consideration and fraudulently withheld from him the surplus of $3,400 and that said Harris owes him said amount, less $182 commission.
 

 It is contended in support of the exception of no cause of action that the petition does not allege specific acts of fraud or error sufficient to vitiate the written contract of lease and that plaintiff’s petition fails to allege upon a counter letter or assert title in himself.
 

 The plaintiff is not attacking either the original lease or the assignment to Pratt. The binding effect of both the lease and assignment is recognized in the petition, in so far as they operate a transfer of the mineral rights and privileges.
 

 The charge against Harris is that he was to make a sale of the lease for the plaintiff on a commission and with the right to deduct the expenses.
 

 That Harris represented to plaintiff that he had only gotten $3,400 for the lease and settled with plaintiff on that basis, whereas in truth and fact Harris sold the lease for $6,800, and which latter price he fraudulently concealed from the plaintiff.
 

 We are unable to conceive how or in what language' more definite and specific acts of fraud can be charged than as set forth in the plaintiff’s petition.
 

 If Harris was to sell the property on a commission basis and account to the plaintiff for the net price received as alleged in the petition, and he sold for double the amount
 
 *631
 
 he accounted for to the plaintiff!, he certainly committed a fraud against the plaintiff, and should he held to account for the price he received, less his commission and expenses.
 

 The authorities cited by the defendant on the question of the inadmissibility of parol evidence to establish agency to sell real estate are clearly inapplicable to the case as presented by the allegations of plaintiff’s petition.
 

 Nor is the plaintiff attempting to set aside a sale on the ground of simulation. Hence there was no necessity of a counter letter.
 

 The judgment appealed from is set aside, the exception of no cause of action is overruled, and the case is remanded to the district court to be proceeded with according to law. The defendant is to pay the cost of this appeal.